IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Debra J. Wallace, individually and
as trustee for The Debra Jean
Wallace Set Subtrust,

                Plaintiff,

                              Case No. 1:19-cv-1117-MLB

v.

Southeastern Transfer and
Storage Company, Inc.,

                Defendant.

_____/

## OPINION & ORDER

Plaintiff Debra J. Wallace became a shareholder of Defendant Southeastern Transfer and Storage Company, Inc., in 2008 and serves as one of its directors. (Dkt. 1 ¶¶ 12, 15.) Plaintiff sued Defendant in 2019 for actions Defendant took in selling various assets. (*Id.* at 7–12.) Defendant moves for summary judgment. (Dkt. 81.) The Court grants in part and denies in part that motion. Defendant also moves for oral argument. (Dkt. 86.) The Court denies that motion as moot.

## I.  Background[1]

Defendant is a heavy-haul trucking and storage business run by members of the same family.  (Dkt. 1 ¶ 11.)  In 2008, Plaintiff and her two sisters, Diane Wallace Epstein and Donna Wallace Chambers,[2] became equal shareholders of Defendant.  (Dkts. 81-2 ¶ 1; 84-2 ¶ 1.)  At the time, Defendant's board of directors consisted of Plaintiff, Epstein, Chambers,[3] and Jim Waters.  (Dkts. 81-2 ¶ 2; 84-2 ¶ 2.)

On August 31, 2018, Plaintiff requested documents and records from Defendant in her capacity as a shareholder.  (Dkts. 81-2 ¶ 14; 84-2 ¶ 14.)  On September 11, 2018, Defendant provided 78 pages of

---

[1] The Court derives the facts from the admitted portions of Defendant's Statement of Material Facts and from the Court's own review of the record and determination of what facts are material.  Consistent with Local Rule 56.1, the Court deems each of Defendant's facts admitted unless Plaintiff directly refutes the fact with a response supported by cited evidence, challenges whether the evidence could be introduced in an admissible form, or shows that Defendant's citation does not support its fact as stated.  *See* LR 56.1(B)(2)(a)(2), NDGa.

[2] The Court dismissed Epstein and Chambers from this action at the motion to dismiss stage.  (Dkt. 71.)

[3] Defendant's Statement of Undisputed Facts refers to a "Defendant Wallace" and provides a citation to Plaintiff's deposition testimony in Exhibit A.  (Dkt. 81-2 ¶ 2.)  In her deposition, Plaintiff explained that the board of directors in 2008 consisted of "Jim Waters, Donna [Chambers], Diane [Epstein], and myself."  (*Id.* at 21.)  The Court thus concludes that "Defendant Wallace" was a typographical error and Defendant meant to refer to Chambers.

documents.  (Dkts. 81-2 ¶ 15; 84-2 ¶ 15.)  Some of the pages were illegible. (Dkts. 81-2 at 216–29, 231; 84-2 ¶ 16.)  Plaintiff also received "a great deal" of discovery in this case and possesses Defendant's tax returns from 2005 to 2019.  (Dkts. 81-2 ¶¶ 10–11; 84-2 ¶¶ 10–11.)

In 2019, Defendant's board of directors held special meetings on January 10th and 22nd to discuss the public auction of certain personal property of Defendant by Iron Auction Group, LLC ("Iron Auction"). (Dkts. 81-2 ¶ 7; 84-2 ¶ 7.)  Plaintiff attended those meetings.  (Dkts. 81-2 ¶ 7; 84-2 ¶ 7.)  On January 29th, a majority of Defendant's shareholders approved the auction, and Defendant entered a contract with Iron Auction.  (Dkts. 81-2 ¶¶ 3, 8; 84-2 ¶¶ 3, 8.)  On March 6th, Iron Auction sold Defendant's personal property for $578,927.50 at the public auction, which Plaintiff attended.  (Dkts. 81-2 ¶ 5; 84-2 ¶ 5.)

Defendant's board of directors also met on January 10th to approve the letter of intent to sell certain real property to Gunnison Tree Specialists, Inc. ("Gunnison") and to discuss the sale price of $2 million. (Dkts. 81-2 ¶¶ 17, 20; 84-2 ¶¶ 17, 20.)  A majority vote of the directors approved the sale.  (Dkts. 81-2 ¶ 17; 84-2 ¶ 17.)  That same day, Defendant's shareholders met to discuss the sale, and a majority of the

shareholders approved it. (Dkts. 81-2 ¶ 18; 84-2 ¶ 18.) Plaintiff attended both meetings and participated in the discussion and vote pertaining to the sale of Defendant's real property to Gunnison. (Dkts. 81-2 ¶¶ 19, 22; 84-2 ¶¶ 19, 22.) The sale of the real property closed on June 10, 2019. (Dkts. 81-2 ¶ 23; 84-2 ¶ 23.)

Plaintiff later filed this lawsuit, seeking a legal and equitable accounting, inspection of corporate records, rescission of the Iron Auction and Gunnison contracts, attorneys' fees and litigation expenses, and punitive damages. (Dkt. 1 at 7–12.) Defendant moves for summary judgment on each of these claims. (Dkt. 81.)

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id.* at 1361 (citing *Anderson*, 477 U.S. at 248).

The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)). Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48.

Throughout its analysis, the Court must "resolve all reasonable doubts about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (citing *United States v. Four Parcels*

*of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc)). "It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

### III. Discussion

#### A. Accounting (Count I)

Plaintiff alleges she "has been unlawfully excluded from access to records evidencing the proceeds and expenses with respect to the administration and management of [Defendant]" and seeks an accounting of all business conducted by Defendant since its inception. (Dkt. 1 ¶¶ 32–33.) Defendant argues Plaintiff's claim is (1) fatally flawed because she has presented no facts to suggest an accounting would lead to a recovery of any damages for Plaintiff and (2) moot because Plaintiff, through discovery, has received records sufficient to amount to a full accounting. (Dkt. 81-1 at 3–6.)

"[A]n accounting is . . . defined as 'a legal action to compel a defendant to account for and pay over money owed to the plaintiff but held by the defendant.'" *Rasmussen v. Cent. Fla. Council Boy Scouts of*

*Am., Inc.*, 412 F. App'x 230, 233 (11th Cir. 2011) (per curiam) (quoting Black's Law Dictionary 21 (9th ed. 2009)) (emphasis omitted). "The sufficiency of a petition for an equitable accounting depends 'upon whether the facts alleged showed that on an accounting the petitioner will likely be entitled to recover judgment for some amount.'" *Riverview Condo. Ass'n v. Ocwen Fed. Bank, FSB*, 645 S.E.2d 5, 7 (Ga. Ct. App. 2007) (quoting *Charles S. Martin Distrib. Co. v. Roberts*, 134 S.E.2d 587, 592 (Ga. 1964)).[4] Defendant argues Plaintiff's accounting claim fails because she is not likely to recover a judgment of any amount. (Dkt. 81-1 at 4.) Plaintiff did not address this argument in her response.[5] (Dkt. 84.)

---

[4] Plaintiff seeks a "legal and equitable accounting" in Count I. Georgia courts have recognized a difference between the two. *See Heath v. Sims*, 531 S.E.2d 115, 117 (Ga. Ct. App. 2000) ("Not every litigant has a right to an equitable accounting, which 'is granted only in carefully prescribed and determined circumstances, such as when an *accounting at law* is inadequate.'" (emphasis added)). Plaintiff, however, does not cite a statute under which she seeks an accounting. (Dkt 1. ¶¶ 32–33.) In moving for summary judgment, Defendant relies on *Riverview,* which discusses the standard for an equitable accounting under O.C.G.A. § 23-2-70. (Dkt. 81-1 at 3–4.) Because Plaintiff does not address the issue or otherwise challenge Defendant's reliance on the standard for an equitable accounting, the Court considers Plaintiff to have abandoned any objection to the treatment of her request as one for an equitable (rather than legal) accounting.

[5] A party has an obligation to respond to an argument raised in a motion for summary judgment, and issues not briefed are deemed abandoned.

7

In her complaint, she alleges that Epstein and Chambers mismanaged Defendant in several ways, including by misappropriating corporate funds for personal expenses, allowing related companies to convert Defendant's personal assets and use Defendant's office space rent free, depleting assets, entering into contracts to sell company assets, and ignoring her requests for corrective action. (Dkt. 1 ¶¶ 16–18, 20, 22–24, 26–29.) She does not allege, however, that Defendant is holding onto any funds to which she is entitled, that Defendant did not pay her any funds to which she was entitled, or that Defendant engaged in any transaction that would result in a distribution to her. In the absence of any allegation or facts suggesting she was entitled to any distribution, she wholly fails to come forward with facts suggesting she would be entitled to recover

---

*See Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001); *see also Orquiola v. Nat'l City Mortg. Co.*, 510 F. Supp. 2d 1134, 1139 (N.D. Ga. 2007) (granting summary judgment as to plaintiff's state law claims because plaintiff did not respond to defendant's summary judgment motion on those claims); *Burnette v. Northside Hosp.*, 342 F. Supp. 2d 1128, 1140 (N.D. Ga. 2004) ("Failure to respond to the opposing party's summary judgment arguments regarding a claim constitutes an abandonment of that claim and warrants the entry of summary judgment for the opposing party."); *Welch v. Delta Air Lines*, 978 F. Supp. 1133, 1137 (N.D. Ga. 1997) ("Plaintiff's failure to respond to Defendant's argument alone entitles Defendant to summary judgment on these claims.").

8

any amount. *Riverview*, 645 S.E.2d at 7. The Court has also found none. Because there is no genuine dispute of material fact, Defendant is entitled to summary judgment on this claim.

**B.     Inspection of Corporate Records (Count II)**

Invoking O.C.G.A. § 14-2-1602, Plaintiff seeks a court order requiring Defendant to permit the inspection and copy of corporate records. (Dkt. 1 ¶ 35.) O.C.G.A. § 14-2-1602 allows shareholders to inspect and copy certain corporate records. The statute divides corporate records into two basic categories. The first category, listed in O.C.G.A. § 14-2-1602(a), includes eight types of records, such as articles of incorporation, bylaws, minutes of meetings, and corporate resolutions. These records are accessible to any shareholder who gives the corporation written notice at least five business days before the date the shareholder wishes to inspect and copy such records. O.C.G.A. § 14-2-1602(b). The second category, listed in O.C.G.A. § 14-2-1602(c), includes excerpts from minutes of certain specialized corporate meetings, accounting records of the corporation, and the list of shareholders. A shareholder may inspect and copy the records in the second category only if the shareholder provides written notice of a demand at least five business days before and

9

> (1) [the] demand is made in good faith and for a proper purpose that is reasonably relevant to [the shareholders] legitimate interest as a shareholder;
> (2) [it] describes with reasonable particularity [the shareholder's] purpose and the records he [or she] desires to inspect;
> (3) [t]he records are directly connected with his [or her] purpose; and (4) [t]he records are to be used only for the stated purpose.

O.C.G.A. § 14-2-1602(d). If a corporation does not allow a shareholder who meets the above requirements to inspect and copy records, the shareholder may apply to the superior court for an order permitting inspection and copying of the requested records. *Grapefields, Inc. v. Kosby*, 710 S.E.2d 816, 817 (Ga. Ct. App. 2011).

Defendant argues this claim is moot because Plaintiff has already received the documents she seeks before the lawsuit and through discovery. (Dkt. 81-1 at 6–7.) "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (per curiam) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). While it is undisputed that Plaintiff has received a "great deal" of discovery in this case (Dkts. 81-2 ¶ 10; 84-2 ¶ 10), Plaintiff disputes the accuracy and completeness of the records she has been provided (Dkt.

84-2 ¶¶ 10–11). Defendant's own exhibit shows Defendant did not supply Plaintiff with all the documents she requested and many pages Defendant did provide are illegible. (Dkt. 81-2 at 207–08, 210–13, 216–29.) A genuine dispute of material fact exists, so the claim is not moot, and Defendant is not entitled to summary judgment on this claim.

### C. Rescission of Contracts (Count VI)

Plaintiff alleges the contracts with Iron Auction and Gunnison are fraudulent and "voidable at the election of the singularly harmed shareholder—Plaintiff"—and seeks a court order rescinding the two contracts. (Dkt. 1 ¶¶ 47–49.) Defendant argues Plaintiff lacks standing because she is not a party to either of the contracts and has incurred no damages from the contracts. (Dkt. 81-1 at 8.) The Court agrees that Plaintiff lacks standing at common law or under O.C.G.A. § 13-4-60. "Under the common law, the remedy of rescission is available only between parties who are in privity of contract." John K. Larkins, Jr., Georgia Contracts: Law and Litigation § 12:13 (2d ed. 2020); *Greenwald v. Odom*, 723 S.E.2d 305, 316 (Ga. Ct. App. 2012). "This follows from the principle that 'to effect a complete rescission, all the parties must be returned as nearly as possible to the status quo ante,'" a result that is not

11

possible when Iron Auction and Gunnison are not parties to this suit and Plaintiff is not among the contracting parties. *Greenwald*, 723 S.E.2d at 316 (quoting *GCA Strategic Inv. Fund, Ltd. v. Joseph Charles & Assocs., Inc.*, 537 S.E.2d 677, 681 (Ga. Ct. App. 2000)). Here, there is no dispute that Plaintiff was not a party to the two contracts. In addition, O.C.G.A. § 13-4-60, which covers contract rescission for fraud, provides that "[a] contract may be rescinded at the instance of the party defrauded." As Defendant notes, Plaintiff cannot be "the party defrauded" because she is not a party to either contract. (Dkt. 81-1 at 9.) Because Plaintiff lacks standing,[6] Defendant is entitled to summary judgment on this claim.

---

[6] Even if Plaintiff had standing, to justify rescission of a contract for fraud under O.C.G.A. § 13-4-60, a party must prove all the elements of fraud: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff. Larkins, *supra*, § 12:14; *Champion Windows of Chattanooga, LLC v. Edwards*, 756 S.E.2d 314, 318 (Ga. Ct. App. 2014); *Turner Outdoor Advert., Ltd. v. Fid. E. Fin., Inc.*, 366 S.E.2d 201, 203 (Ga. Ct. App. 1988). When evidence as to any of the elements of fraud are lacking, the rescission claim must fail. *See Edwards*, 756 S.E.2d at 318. Plaintiff alleges the contracts are fraudulent in her complaint (Dkt. 1 ¶ 48), but there is no evidence in the record to support that allegation or the elements of a fraud claim. Defendant would thus still be entitled to summary judgment.

### D. Attorneys' Fees, Litigation Expenses, and Punitive Damages (Counts VI[7] and VII)

Plaintiff seeks attorneys' fees, litigation expenses, and punitive damages. (Dkt. 1 51, 53.) Defendant argues these claims fail because Plaintiff cannot succeed on any of her substantive claims against Defendant. (Dkt. 81-1 at 10–11.) The Court denies summary judgment on this ground because the Court is permitting one of Plaintiff's substantive claims—inspection of corporate records—to proceed.

## IV. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment (Dkt. 81)  The Court **DENIES AS MOOT** Defendant's Motion for Oral Argument (Dkt. 86).

**SO ORDERED** this 18th day of March, 2021.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[7] As Plaintiff notes, there is a typographical error in the complaint resulting in two Count VI. (Dkts. 1 at 11–12; 84 at 2 n.2.)